STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Coon, <u>et</u> <u>al.</u> | } | Docket No. 166-9-04 Vtec |
|  | } |  |
|  | } |  |

<u>Decision and Order</u>

Appellants Margaret Coon, Ronald Hope, Sally Hope, John Longley, Carla A. Newton, M. Diane White, Robert Goulette and Rena Goulette  appealed from a decision of the Development Review Board (DRB) of the City of St. Albans, approving the construction of a two-family house at 9 New Street. Appellants appeared and represented themselves; Appellee-Applicants Wendell and Mary Ann Dashno are represented by Timothy S. Hawkins, Esq.; Appellee-Applicant Mark Ledoux appeared and represented himself; and the City is represented by Robert E. Farrar, Esq.

Question 7 of the Statement of Questions, regarding a variance that was not part of the decision on appeal, was withdrawn as of the time of the hearing.  An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge.  The parties were given the opportunity to submit written memoranda and requests for findings.  Upon consideration of the evidence, and of the written memoranda and requests for findings filed by the parties, the Court finds and concludes as follows.

Appellee-Applicants seek conditional use approval to construct a 40' x 42' duplex (two-family) house on a .27-acre lot at 9 New Street in the B2-Transitional Business zoning 'subdistrict.' The Flood Hazard Overlay zoning district is not shown on the official zoning map; rather, it is defined as all areas in the City "identified as areas of special flood hazard on the National Flood Insurance Program maps published by the Federal Energy Management Agency. The property is not located within a Flood Zone A on the Flood Insurance Rate Map (FIRM); therefore, the Flood Hazard Overlay District provisions do not apply. In any event, §309 only requires that all new construction be approved as a conditional use, which is already required for this project under §307 for the B2 district.

The building is proposed to be served by municipal water supply and sewer services. The lot slopes slightly towards the back towards Stevens Brook, which runs along the rear property line. The lot is proposed to be drained towards the rear property line through two swales along both side property lines. The building is proposed to be constructed with footing drains, also draining towards the rear, and equipped with a check valve or backflow preventer.

The lot has 66 feet of frontage on New Street, which is a short, narrow dead-end street, with no turnaround at the end and no sidewalks. Access to New Street is directly from Route 7 (Main Street). Five other duplexes are located nearby; one is adjacent. At least one three-family house is also located on New Street.

New Street is too narrow for two-way traffic if any vehicles are parked on the street. Posting to control parking on the street is ineffective. Resident children play in their driveways and at times in the street. Vehicles turn around in the street by executing three-point turns in residents' driveways, especially in the driveway at the end, creating conflicts with residents' vehicles and potential safety problems for resident children. When service vehicles are using the street, residents' vehicles cannot get by them. Vehicles attempting to enter the street from Route 7 or attempting to enter the street from their driveways sometimes have to back up to allow oncoming traffic to proceed on the street.

Each of the two dwelling units in the proposed duplex is 850 square feet in area, with two bedrooms, one bathroom, and an open-plan kitchen/dining area, open to the living room. Due to the unit size, the duplex can be expected to have one or at most two vehicles per unit; four off-street parking spaces are required by §415.7 of the Land Development Regulations.

Appellee-Applicants propose to provide four parking spaces in the rear of the building, with an area for maneuvering so that vehicles can exit frontwards onto the street through a single driveway. Appellee-Applicants originally proposed to install a horseshoe-shaped driveway leading around the building on both sides, with two access driveways to the street. During the DRB hearings, they proposed to the DRB, and now propose to the Court, a single access driveway on the east side of the building, with sufficient room for vehicles to turn around in back near the parking area, to reduce the number of entry

points for traffic entering New Street.  (See Exhibit 7).

To be approved, a proposal must meet all five of the subsections of §502.2. Section 502.2(A) requires that the proposed project not adversely affect the capacity of existing or planned municipal facilities.  The addition of the one or two vehicles per unit, with four spaces of off-street parking, will not adversely affect the ability of fire and rescue or police services to maneuver to serve any of the properties on New Street.  That is, no problems currently experienced by the fire, rescue or police services in New Street would be made any worse by the addition of this building.

Section 502.2(B) requires that the proposed project not adversely affect the character of the area affected.  The proposed project has been designed so as not to adversely affect the area due to drainage[1] from the lot.  Further, as the character of the area includes duplexes as well as single-family houses, close to a downtown, mixed-use area, the proposed project will not adversely affect the character of the area.

---

[1]  Any litigation between any of the homeowners, or with the City, regarding damages due to drainage, would have to be filed in Superior Court.

Section 502.2(C) requires that the proposed project not adversely affect traffic on roads or highways in the vicinity. Because the proposal includes the required four spaces of off-street-parking, it will not adversely affect the parking demand on New Street. Limiting the project to a single driveway access onto New Street will also minimize the potential for conflicts with other vehicles and with pedestrians on New Street. In connection with efforts to minimize congestion on the street, Appellants also request a condition that contracts for fuel and garbage disposal services for the new building be placed with the companies that otherwise serve properties on the street, to minimize additional service vehicle traffic. While such an agreement among the residents may make sense, it is not within the jurisdiction of the Court to require. We encourage the parties to discuss this issue among themselves or to enter into mediation to reach some agreement beyond this court case, regarding their use of the street.

Section 502.2(D) requires that the proposed project not adversely affect current bylaws in effect. The proposal meets all applicable requirements of the Land Development Regulations, including those regulating parking. The project is proposed to be served by municipal water supply and sewage disposal services, so that no health or on-site sewage regulations are applicable. No party suggests that any other bylaws are implicated.

The proposed project does not adversely affect utilization of any renewable energy resource. §502.2(E). Accordingly, the proposed project, with the single driveway access

to New Street, meet all the standards for conditional use approval.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' proposal for a duplex at 9 New Street is hereby approved, with the driveway and parking configuration as shown in Exhibit 7.

Dated at Berlin, Vermont, this 22nd day of August, 2005.

_____

Merideth Wright
Environmental Judge